Kquerare Salcedo v. Garland

BIA
Ruehle, IJ
A206 437 713

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of May, two thousand twenty-one.

PRESENT:
>       JOHN M. WALKER, JR.,
>       BARRINGTON D. PARKER,
>       JOSEPH F. BIANCO,
>             *Circuit Judges.*

_____

JAVIER SANTOS KQUERARE SALCEDO,
     *Petitioner*,

     v.                                    **19-864**
                                           **NAC**
MERRICK B GARLAND, UNITED STATES
ATTORNEY GENERAL,*
     *Respondent.*

_____

FOR PETITIONER:          Jose Perez, Esq., Syracuse, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Russell J. E. Verby,
                         Senior Litigation Counsel; Kristin

---

* The Clerk of the Court is respectfully directed to amend the caption as set forth.

Moresi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Javier Santos Kquerare Salcedo, a native and citizen of Peru, seeks review of a March 5, 2019, decision of the BIA affirming a December 6, 2017, decision of an Immigration Judge ("IJ") denying Salcedo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Javier Santos Kquerare Salcedo,* No. A 206 437 713 (B.I.A. Mar. 5, 2019), *aff'g* No. A 206 437 713 (Immig. Ct. Buffalo Dec. 6, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). Salcedo does not challenge the agency's denial of asylum as time barred, so we address only the adverse credibility that formed the basis for the denial of

2

withholding of removal and CAT relief. The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under substantial evidence standard). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the

3

agency's adverse credibility determination.

Salcedo alleged that he was sexually assaulted in 2000 and subsequently physically assaulted in the street because he was gay or bisexual. The agency reasonably relied on inconsistencies in his accounts of the physical assault and his fear of his relatives who were police officers. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Salcedo's asylum application listed the physical assault as occurring in 2004, but he testified it was in 2008 or 2009, and then changed his testimony back to 2004 when confronted with the inconsistency. And he initially alleged that he had multiple relatives who were police officers, but when pressed said only his great uncle Julian was a police officer. His sister's testimony added further inconsistency because she testified that their uncle Leonardo was the only police officer in the family. Salcedo also testified inconsistently regarding his sexual history while in the United States, and his medical records conflicted with his testimony that he had attempted suicide because he feared returning to Peru. Taken together, these inconsistencies provide substantial support for the adverse credibility determination. *See Xiu Xua Lin*,

4

534 F.3d at 167 (holding that agency may rely on "collateral or ancillary" inconsistencies where "cumulative effect" calls credibility into question (internal quotation marks omitted)).

Because Salcedo's testimony was in question, the agency reasonably relied on his failure to rehabilitate his testimony with any reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). As noted above, Salcedo's sister's testimony and medical records conflicted with his own statements. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Given the inconsistencies and lack of reliable corroboration, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. That

5

determination is dispositive of withholding of removal and CAT relief because both claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court